UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWIN ALEXANDER SUERO MENDEZ,    *
    *
Petitioner,    *
    *
    *
v.    *    Civil Action No. 1:26-cv-11500-IT
    *
DAVID WESLING, et al.,    *
    *
Respondents.    *

MEMORANDUM & ORDER

April 3, 2026

TALWANI, D.J.

Petitioner Edwin Alexander Suero Mendez is a national of the Dominican Republic who has been detained by ICE since November 18, 2025. Pet. ¶¶ 1–2 [Doc. No. 1]. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 26. On March 30, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that, if authorized at all, he is detained "pursuant to 8 U.S.C. § 1226(a)," and asserts that he "is entitled to a bond hearing." Id. ¶¶ 33–34.

Respondents state "that the legal issues presented in this Petition are similar to those addressed by this Court in Roldan v. Moniz, No. 1:26-cv-10017-IT[, 2026 WL 161552] (D. Mass. Jan. 21, 2026)." Resp. to Habeas Pet. 1 [Doc. No. 6]. Respondents further note that "[s]hould the Court follow its reasoning in Roldan, it would reach the same result here." Id.

The court finds that the reasoning in prior decisions such as Roldan and Doe v. Moniz, 800 F. Supp. 3d 203 (D. Mass. 2025), remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025),

is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than April 10, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226(a), or, if the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention. Following the bond hearing, Respondents shall promptly file a status report.

IT IS SO ORDERED.

April 3, 2026                                    /s/ Indira Talwani
                                                United States District Judge

2